UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN PACIFIC MARKETING COOPERATIVE, INC.,<br><br>           Apellant,<br><br>    v.<br><br>DIMARE FRESH, INC.,<br><br>           Appellee. | CIV-F-06-1404 AWI<br><br>ORDER RE: SUBJECT MATTER JURISDICTION AND VENUE |

**I. History**

Both Appellant Sun Pacific Marketing Cooperative, Inc. ("Sun Pacific") and Appellee DiMare Fresh, Inc. ("DiMare") are companies engaged in buying and selling wholesale quantities of produce. Both parties are licensed commission merchants and dealers under 7 U.S.C. §499a(b)(5) and (6). By contract dated June 5, 2006 ("Original Contract"), DiMare agreed to buy from Sun Pacific a set quantity of various types of tomatoes at set prices every week from July 17, 2006 through October 31, 2006. The Original Contract specified that "In the event of a product shortage caused by an Act of God, Natural disaster or other incident that could not be foreseen and is beyond the control of Sun Pacific, then performance under this contract shall be excused." By letter dated September 4, 2006, Sun Pacific notified DiMare that it was canceling

performance of the Original Contract under the Act of God provision due to tomato shortages caused by heat and rain during July and August in Central California. Between September 7 and September 12, 2006, Sun Pacific continued to sell DiMare tomatoes. Sun Pacific argues that the sales were pursuant to a new understanding between the parties with a higher sales price ("Provisional Agreement"). DiMare argues that they were made pursuant to the Original Contract, and paid Sun Pacific based on the prices contained therein. By letter dated September 12, 2006, DiMare outlined its objections to Sun Pacific's interpretation of the Original Contract. There do not appear to have been any more tomato sales by Sun Pacific to DiMare after September 12, 2006. DiMare purchased tomatoes from other companies on the open market for the remainder of the Original Contract term.

DiMare first brought suit on September 14, 2006 against Sun Pacific, alleging breach of the Original Contract and seeking specific performance (<u>DiMare v. Sun Pacific</u>, CIV 06-1265 AWI). This court denied DiMare's request for a temporary restraining order which sought to force Sun Pacific to sell tomatoes to DiMare in accordance with the quantity and price terms of the Original Contract. On September 25, 2006, DiMare voluntarily dismissed the suit without prejudice. On October 11, 2006, Sun Pacific filed suit against DiMare (origin of the present suit). Sun Pacific's operative complaint has five loosely organized counts: (1) declaratory relief that the weather events during the summer of 2006 qualify under the Act of God provision in the Original Contract; (2) violation of duty to pay promptly under PACA; (3) breach of Provisional Agreement; (4); declaratory relief that receipt of tomatoes under the Provisional Agreement created a PACA trust; and (5) enforcement of payment through the PACA trust. See Doc. 10, Amended Complaint. DiMare filed an answer and counterclaim in this case on December 5, 2006. The counterclaim alleges both breach of Original Contract and PACA causes of action for failure to deliver in accordance with the terms of a contract.

On January 8, 2007, DiMare filed a formal reparation complaint pursuant to 7 U.S.C. §499f(a), seeking damages for breach of the Original Contract, with the USDA ("Reparation Proceeding"). The Reparation Proceeding was assigned a PACA File number, W-07-61. On April 19, 2007, The court stayed this case pending the resolution of the Reparation Proceeding.

Doc. 32. The Reparation Proceeding progressed and in December 2007, the USDA held a hearing in Los Angeles, CA. The USDA ruled in favor of DiMare ("Reparation Order") on August 22, 2008.

On September 19 and 22, 2008, Sun Pacific filed a notice of appeal, petition, and bond pursuant to 7 U.S.C. §499g(c) in this court. The stay was lifted and the court ordered briefing on jurisdiction and venue. Docs. 46 and 47. The parties briefed the issues and the matter was taken under submission without oral argument.

## II. Discussion

The issue is whether the appeal of the Reparation Order (which encompasses the entire case) should be heard the Eastern District of California or whether it should be sent to the Central District of California which contains the site of the Reparation Proceeding hearing.

> Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, *appeal therefrom to the district court of the United States for the district in which said hearing was held*: Provided, That in cases handled without a hearing in accordance with paragraphs (c) and (d) of section 6 or in which a hearing has been waived by agreement of the parties, appeal shall be to the district court of the United States for the district in which the party complained against is located. Such appeal shall be perfected by the filing with the clerk of said court a notice of appeal, together with a petition in duplicate which shall recite prior proceedings before the Secretary and shall state the grounds upon which petitioner relies to defeat the right of the adverse party to recover the damages claimed, with proof of service thereof upon the adverse party. Such appeal shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail.

7 U.S.C. §499g(c), emphasis added. Appellant argues that the direction to appeal in the district court of the hearing only specifies venue and is not a requisite for appellate jurisdiction. No case authority directly addresses the issue. In interpreting Section 499g(c), courts have found that timely appeal and bond are jurisdictional in nature. See <u>Kessenich v. Commodity Futures Trading Com.</u>, 684 F.2d 88, 92 (D.C. Cir. 1982). Appellant argues that by implication, the lack of case law concerning appeal in an improper district courts is telling.

The court looks to the structure of Title 28 Chapter 158, entitled "Orders of Federal

3

Agencies; Review." 28 U.S.C. §2342 states "The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of...(2) all final orders of the Secretary of Agriculture made under chapters 9 and 20A of title 7, except orders issued under sections 210(e), 217a, and 499g(a) of title 7." Thus, the Reparation Order is the type of administrative decision whose review would be governed by this chapter but for Section 2342(2).

Title 28 U.S.C. §2343, entitle "Venue" states "The venue of a proceeding under this chapter is in the judicial circuit in which the petitioner resides or has its principal office, or in the United States Court of Appeals for the District of Columbia." Under the general venue provisions contained in 28 U.S.C. §1391, a "defendant may waive any objections to personal jurisdiction or venue by consent or conduct." Teyseer Cement Co. v. Halla Maritime Corp., 794 F.2d 472, 477 (9th Cir. 1986), citing Hoffman v. Blaski, 363 U.S. 335, 343 (1960). Courts have suggested that venue under Section 2343 can be similarly waived. See New York v. EPA, 133 F.3d 987, 990 (7th Cir. 1998) (finding that 42 U.S.C. § 7607(b)(1) is a venue provision which can be waived like 28 U.S.C. §2343). Title 28 U.S.C. §2344, entitled "Review of Orders; Time; Notice; Contents of Petition; Service" states "On the entry of a final order reviewable under this chapter, the agency shall promptly give notice thereof by service or publication in accordance with its rules. Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies." Ninth Circuit case law treats this sixty day limit as a matter of subject matter jurisdiction. Friends of Sierra R., Inc. v. ICC, 881 F.2d 663, 666 (9th Cir. 1989) ("The time limit in 28 U.S.C. § 2344 is jurisdictional").

Given the parallels between Title 28 Chapter 158 and 7 U.S.C. §499g(c), the court finds that the language "appeal therefrom to the district court of the United States for the district in which said hearing was held" constitutes a waivable venue provision and not a subject matter requirement. The parties have (1) consented to venue and (2) expressed their view that the language in question is a venue provision. The court specifically relies on both representations in issuing this order.

### III. Order

The Eastern District of California properly exercises both subject matter jurisdiction and venue over this appeal.

IT IS SO ORDERED.

Dated:     **January 11, 2009**                           /s/ Anthony W. Ishii
                                                                      CHIEF UNITED STATES DISTRICT JUDGE