1   Lawrence H. Meuers (SBN 197663)
    Katy Koestner Esquivel (Pro Hac Vice)
2   MEUERS LAW FIRM, P.L.
    5395 Park Central Court
3   Naples, FL 34109-5932
    Telephone:  (239)513-9191
4   *Attorneys for Plaintiff Sun Pacific*

5   Stephen P. McCarron (Pro Hac Vice)
    MCCARRON & DIESS
6   4900 Massachusetts Avenue, NW
    Washington, DC  20016
7   Tel: 202-364-0400

8   James H. Wilkins (SBN 116364)
    WILKINS, DROLSHAGEN
9   & CZESHINSKI, LLP
    7050 N. Fresno Street, Suite 204
10  Fresno, CA  93720
    Tel:  559-438-2390
11  *Attorneys for Defendant DiMare Fresh*

12

13              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF CALIFORNIA**
14                      **FRESNO DIVISION**

15  **SUN PACIFIC MARKETING**          Case No.:  **1:06-cv-01404-AWI-GSA**
    **COOPERATIVE, INC.,**
16
                **Plaintiff/Appellant,**
17                                     **STIPULATED PROTECTIVE ORDER**
          **vs.**
18

19  **DIMARE FRESH, INC.,**

20              **Defendant/Appellee.**

21          <u>**STIPULATED PROTECTIVE ORDER**</u>

22          1.    On December 4, 2009, the Court entered an Order[1] on the parties'

23  discovery motions, which required, *inter alia*, that DiMare Fresh, Inc. disclose

24  information regarding: the costs of the cover tomatoes and whether DiMare was able to

25  pass those costs on to its customers; and information regarding DiMare's contracts with

26  its customers during the time Sun Pacific was to provide tomatoes to DiMare in 2006.

27

---

[1] DE 91.

2.    The Court further recognized the confidential nature of the material, coupled with the fact that this information involves non-parties, and required that this information "shall be subject to (a) protective order such that any information is limited to the parties' counsel, experts, consultants, their respective staff and/or employees, court reporters and others agreed upon by the parties."   Order, p. 8.

3.    The Court then ordered that the parties submit a stipulated protective order under the guidelines set forth by the court.

4.    Based on the foregoing, the parties hereby stipulate that all information disclosed by DiMare to Sun Pacific regarding the costs of the cover tomatoes and whether DiMare was able to pass those costs on to its customers; and information regarding DiMare's contracts with its customers during the time Sun Pacific was to provide tomatoes to DiMare in 2006, shall be strictly limited to the parties' counsel, experts, consultants, their respective staff and/or employees and court reporters.

| McCARRON & DIESS | MEUERS LAW FIRM, PL |
|---|---|
| _s/ Stephen P. McCarron_ | _/s/ Lawrence H. Meuers_ |
| Stephen P. McCarron | Lawrence H. Meuers |
| _Admitted Pro Hac Vice_ | _California Bar No.: 197663_ |
| 4900 Massachusetts Avenue, NW | Katy Koestner Esquivel |
| Suite 310 | _Admitted Pro Hac Vice_ |
| Washington, DC  20016 | 5395 Park Central Court |
| Telephone: (202)364-0400 | Naples, Florida 34109-5932 |
| Facsimile: (202) 364-2731 | Telephone:  (239) 513-9191 |
| smccarron@mccarronlaw.com | Facsimile: (239) 513-9677 |
| | lmeuers@meuerslawfirm.com |
| _Attorneys for Defendant DiMare Fresh_ | kesquivel@meuerslawfirm.com |
| | _Attorneys for Plaintiff/Appellant_ |

## ORDER

The Court adopts the stipulated protective order submitted by the parties.

However, in addition to the above stipulation the parties are ordered as follows :

1) All persons authorized by this Protective Order to receive information as outlined in this Court's order dated December 4, 2009, shall maintain such information as confidential in accordance with this Protective Order and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation, and none of the information shall be used for any business, commercial or competitive purposes. All persons authorized to receive copies of the materials shall be shown a copy of this Protective Order and shall, in a written and signed certificate, such as that annexed hereto as **Appendix A**, state that he or she has read the Protective Order and agrees to be bound by the terms thereof. Counsel of record for that party shall then retain the certificate until the conclusion of the litigation.

2) In the event that any of the designated information is, either advertently or inadvertently disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record for DiMare Fresh, Inc., and shall also disclose the circumstances of the unauthorized disclosure or breach.

3) Within 30 days of the conclusion of this litigation, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return of all discovery materials and all copies thereof and notes, abstracts or summaries made therefrom, from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either destroy all such materials or

return them to counsel for DiMare Fresh, Inc.,, except that counsel may retain their

work product, copies of court filings and official transcripts and exhibits, provided said

retained documents are kept under seal and that the "Confidential" information

contained therein will continue to be treated as provided herein.

    4) Any document filed with the Court shall be filed under seal pursuant to Local

Rules 39-140 and 39-141 in order to preserve its confidentiality.

**APPENDIX A**
**CERTIFICATE**

    I hereby certify that I have read the annexed Protective Order and agree to be

bound by the terms thereof.

Date: _____ _____

**IT IS SO ORDERED.**

Dated: December 14, 2009

                      /s/ Gary S. Austin
                      Gary S. Austin
                      United States Magistrate Judge