Lawrence H. Meuers (SBN 197663)
Katy Koestner Esquivel (Pro Hac Vice)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239)513-9191
*Attorneys for Plaintiff Sun Pacific*

Stephen P. McCarron (Pro Hac Vice)
MCCARRON & DIESS
4900 Massachusetts Avenue, NW
Washington, DC 20016
Tel: 202-364-0400

James H. Wilkins (SBN 116364)
WILKINS, DROLSHAGEN
& CZESHINSKI, LLP
7050 N. Fresno Street, Suite 204
Fresno, CA 93720
Tel: 559-438-2390
*Attorneys for Defendant DiMare Fresh*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| **SUN PACIFIC MARKETING COOPERATIVE, INC.,** | Case No.: 1:06-cv-01404-AWI-GSA |
| **Plaintiff/Appellant,** | |
| vs. | |
| **DIMARE FRESH, INC.,** | |
| **Defendant/Appellee.** | |

**SECOND STIPULATED PROTECTIVE ORDER GOVERNING**

**DISCOVERY FROM NON-PARTY CORPORATIONS AND THEIR AGENTS**

1.  The parties and this Court finds that good cause exists for issuance of a Second Stipulated Protective Order Governing Discovery from Non-Parties ("Order") to protect non-parties from disclosure of confidential information provided by non-party corporations and their agents in this litigation.

2. Any and all information provided by a non-party corporation or its agents in this litigation shall not be disclosed except, subject to the terms of this Order, as follows:

  a. The parties' Counsel, including paralegals, clerical or other support staff or services and any employees with responsibilities related to the subject matter of this litigation;

  b. the Court, including any Court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any information submitted or filed with the Court shall be placed under seal subject to release or inspection only by order of the Court or consent of the non-party;

  c. any court reporter (including audio and video) involved in this action;

  d. independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking attached hereto as Appendix A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

  e. copying imaging, computer services or litigation support services, provided that all Confidential Information, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

  f. the staff of persons designated in paragraphs 3(c), (d) and (e), subject to any conditions enumerated therein;

  g. any deposition witness, in accordance with paragraph 5; and

3. Nothing in this order shall prevent any non-party corporation or its agent from using its own information in any manner it sees fit.

4. Subject to the terms of this Order, any party may utilize information from a non-party corporation or its agents in the course of a deposition if, from the face of the Document, it is apparent that the witness has already seen it or if the questioning party has a good faith basis for believing that the witness has already seen it. If it becomes apparent during the course of questioning that the witness is unaware of the information then the information or document shall immediately be withdrawn from

the witness and the witness shall not be allowed to retain copies of the information or any portions of his or her deposition transcript containing information.

5. All persons authorized by this Protective Order to receive information shall maintain such information as confidential in accordance with this Protective Order and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation, and none of the information shall be used for any business, commercial or competitive purposes. All persons authorized to receive copies of the materials shall be shown a copy of this Protective Order and shall, in a written and signed certificate, such as that annexed hereto as Appendix A, state that he or she has read the Protective Order and agrees to be bound by the terms thereof. Counsel of record for that party shall then retain the certificate until the conclusion of the litigation.

6. In the event that any of the designated information is, either advertently or inadvertently disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record and shall also disclose the circumstances of the unauthorized disclosure or breach.

7. Within 30 days of the conclusion of this litigation, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return of all discovery materials and all copies thereof and notes, abstracts or summaries made therefrom, from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall destroy all such materials, except that counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided said retained documents are kept under seal and that the "Confidential" information contained therein will continue to be treated as provided herein.

8. Any document filed with the Court shall be filed under seal pursuant to Local Rules 39-140 and 39-141 in order to preserve its confidentiality.

**APPENDIX A**
**CERTIFICATE**

I hereby certify that I have read the annexed Protective Order and agree to be bound by the terms thereof.

Dated Tuesday, February 02, 2010.

| **McCARRON & DIESS** | **MEUERS LAW FIRM, PL** |
|---|---|
| _____s/ Stephen P. McCarron_____<br>Stephen P. McCarron<br>*Admitted Pro Hac Vice*<br>4900 Massachusetts Avenue, NW<br>Suite 310<br>Washington, DC  20016<br>Telephone: (202)364-0400<br>Facsimile: (202) 364-2731<br>smccarron@mccarronlaw.com<br><br>*Attorneys for Defendant DiMare Fresh* | _____/s Katy Koestner Esquivel_____<br>Lawrence H. Meuers<br>*California Bar No.: 197663*<br>Katy Koestner Esquivel<br>*Admitted Pro Hac Vice*<br>5395 Park Central Court<br>Naples, Florida 34109-5932<br>Telephone:  (239) 513-9191<br>Facsimile: (239) 513-9677<br>lmeuers@meuerslawfirm.com<br>kesquivel@meuerslawfirm.com<br><br>*Attorneys for Plaintiff/Appellant* |
| Dated: February  3, 2010 | **IT IS SO ORDERED:**<br><br>/s/ Gary S. Austin<br>Gary S. Austin<br>United States Magistrate Judge |