UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN PACIFIC MARKETING COOPERATIVE, INC., | CIV-F-06-1404 AWI GSA |
| Appellant, | ORDER RE: UNDISPUTED FACTS |
| v. | |
| DIMARE FRESH, INC., | |
| Appellee. | |

In the joint pretrial statement, Sun Pacific listed as a disputed evidentiary issue, "Whether the uncontroverted statements of disputed fact in the parties' cross-motions for summary judgment (set forth above as disputed issues 7-11, 16-17, and 25) are deemed established for the purposes of trial. Lloyd v. Franklin Life Ins. Co., 245 F.2d 896, 897 (9th Cir. 1957); Rule 56(d)." Doc. 140, at 9:2-4. DiMare disagrees, arguing the statements of fact submitted for summary judgment should not be automatically deemed established facts for trial. The parties provided briefing on the issue and a hearing on the matter was held on October 7, 2010.

The old Ninth Circuit case cited by Sun Pacific dealt with cross motions for summary judgment and disapproved of a party's argument that its "concession was for the purposes of its own motion for summary judgment only....A concession of fact on motion for summary judgment establishes the fact for all time between the parties. The party cannot gamble on such a conditional admission and take advantage thereof when judgment has gone against him." Lloyd

v. Franklin Life Ins. Co., 245 F.2d 896, 897 (9th Cir. 1957). Sun Pacific also provides citation to cases dealing with admissions in briefing. See American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) (factual admissions in briefs). These cases do not deal with applying undisputed summary judgment facts directly to trial.

  Sun Pacific primarily relies on Fed. R. Civ. Proc. 56(d)(1): "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action." Sun Pacific argues that the undisputed material facts qualify for Rule 56(d) determination. "Rule 56(d) provides for partial summary judgment. Under Rule 56(d), the court may grant summary judgment on less than the non-moving party's whole claim." United States ex rel. Ramona Equip. Rentals, Inc. v. Carolina Cas. Ins. Co., 2010 U.S. Dist. LEXIS 91838, *6-7 (S.D. Cal. Sept. 3, 2010), citations omitted.

  In this case, summary judgment was denied to both parties and no summary adjudication or partial summary judgment was granted. The court provided a recitation of the parties' statements of undisputed facts and major disputes as background on the case. These facts are not established under Rule 56(d). See Jadwin v. County of Kern, 2009 U.S. Dist. LEXIS 41068, *2-3 (E.D. Cal. Apr. 28, 2009) ("Previously, on April 22, 2009, the court issued an order, following a prior telephonic conference with counsel regarding this issue, which stated that '[e]ven if facts were found to be not in dispute, or undisputed, for the purposes of denying the motion for summary judgment, that the motion for summary judgment was denied, means facts necessary to resolution of an issue must be presented and their application and consequence determined by a jury'"); Aluisi v. Elliott Mfg. Co., 2009 U.S. Dist. LEXIS 20180, *23 (E.D. Cal. Mar. 4, 2009) ("At the bench trial the court is not bound to the facts provided by the parties at summary judgment, the court can consider the whole administrative record. In addition, the court does not have to view the evidence in the light most favorable to the nonmoving party. Thus, any factual finding made on summary judgment are not final for the purposes of trial, and such findings do

not preclude the consideration of evidence outside the record at trial"). The Ninth Circuit has approved of this procedure. Dennison v. James, 356 Fed. Appx. 68, 69-70 (9th Cir. 2009) ("Dennison contends that during summary judgment proceedings, former defense counsel made certain oral stipulations that should have been admitted as undisputed facts at trial. The district court refused, reasoning the alleged stipulations were not reduced to writing as required by a local rule and that facts 'presumed for purposes of the summary judgment are not binding as stipulated facts for purposes of the trial even if they were assumed true for purposes of the summary judgment.' We agree and conclude the trial court did not abuse its discretion"). In contrast, when facts are to be established under Rule 56(d), they are specifically stated and deemed as such. See Kaap Indus. v. Burns & McDonnell Eng'g Co., 2007 U.S. Dist. LEXIS 66064, *18-22 (E.D. Cal. Aug. 27, 2007); McCollough v. Johnson, Rodenberg & Lauinger, 587 F. Supp. 2d 1170, 1177 (D. Mont. 2008).

IT IS ORDERED that the uncontroverted statements of disputed fact in the parties' cross-motions for summary judgment (set forth in the joint pretrial statement as disputed issues 7-11, 16-17, and 25) are not deemed established for the purposes of trial.

IT IS SO ORDERED.

Dated:     October 8, 2010                                   _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE