UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUN PACIFIC MARKETING COOPERATIVE, INC.,**<br><br>Appellant<br><br>v.<br><br>**DIMARE FRESH, INC.,**<br><br>Appellee | CASE NO. 1:06-CV-1404 AWI GSA<br><br>ORDER RE: MOTION TO MODIFY APPEAL BOND |

**I. History**

Both Appellant Sun Pacific Marketing Cooperative, Inc. ("Sun Pacific") and Appellee DiMare Fresh, Inc. ("DiMare") are companies engaged in buying and selling wholesale quantities of produce. Both parties are licensed commission merchants and dealers under 7 U.S.C. §499a(b)(5) and (6) of the Perishable Agricultural Commodities Act ("PACA"). By contract dated June 5, 2006 ("Original Contract"), DiMare agreed to buy from Sun Pacific a set quantity of various types of tomatoes at set prices every week from July 17, 2006 through October 31, 2006. The Original Contract specified that "In the event of a product shortage caused by an Act of God, Natural disaster or other incident that could not be foreseen and is beyond the control of Sun Pacific, then performance under this contract shall be excused." Starting in July the San Joaquin Valley of California, where Sun Pacific's growing facilities were located, experienced a heat wave that negatively affected tomato crops. On August 31, 2006, Sun Pacific invoked the Act of God clause. The parties thereafter came to an impasse. DiMare purchased tomatoes from other companies on the open market for the remainder of the Original Contract term.

DiMare first brought suit on September 14, 2006 against Sun Pacific, alleging breach of

the Original Contract and seeking specific performance (DiMare v. Sun Pacific, CIV 06-1265 AWI). This court denied DiMare's request for a temporary restraining order. On September 25, 2006, DiMare voluntarily dismissed the suit without prejudice. On October 11, 2006, Sun Pacific filed suit against DiMare (the origin of the present case). On January 8, 2007, DiMare filed a formal reparation complaint with the United States Department of Agriculture pursuant to PACA provision 7 U.S.C. §499f(a) ("Reparation Proceeding") for hearing and decision by an Administrative Law Judge. On April 19, 2007, this court stayed this case pending the resolution of the Reparation Proceeding. The Reparation Proceeding resulted in a decision in favor of DiMare, awarding that party $1,136,599 plus interest, fees, and costs.

On September 19, 2008, Sun Pacific appealed that decision to this court. Under PACA, the district court rules on USDA reparations decisions on a de novo basis except that the prior findings of fact constitute prima facie evidence. Sun Pacific posted an appeal bond which followed the requirements of 7 U.S.C. §499g(c): it took the form of an undertaking by International Fidelity Insurance Company ("International Fidelity"), a surety, in the amount of $2.5 million, double the amount awarded under the Reparation Proceeding. A bench trial was held on November 9 and 10, 2010. On August 15, 2011, the court issued findings of fact and conclusions of law in favor of DiMare, awarding that party $980,289 plus interest, fees, and costs. The award was later modified to be $1,132,562 plus interest, fees, and costs. Sun Pacific appealed to the Ninth Circuit. The appeal bond, furnished by International Fidelity in the amount of $2.5 million, remains in place.

Sun Pacific now seeks permission to change the form of the bond (but not the amount). DiMare opposes the request to change the form of the bond. The matter was taken under submission without oral argument.

## II. Discussion

Sun Pacific's appeal bond is provided by International Fidelity. In order to retain International Fidelity's services, Sun Pacific has obtained an irrevocable letter of credit, issued by Wells Fargo Bank N.A. ("Wells Fargo") in the amount of $2.5 million for the benefit of

International Fidelity.  "A letter of credit creates an absolute, independent obligation and payment must be made upon presentation of the proper documents regardless of any dispute between the buyer and seller concerning their agreement. Like a Travelers Check (which is a letter of credit), it enables international business to be done safely and securely because the vendor need only rely on the financial strength of the issuing bank, and not on the financial strength and willingness to pay of the vendee." Warner Bros. Int'l TV Distrib. v. Golden Channels & Co., 522 F.3d 1060, 1062-63 (9th Cir. 2008), citations omitted.  The specific letter of credit in question indicates that Wells Fargo will provide International Fidelity $2.5 million upon demand "not subject to any condition, or qualification. The obligation of Wells Fargo Bank N.A. under this letter of Credit shall be the individual obligation of Wells Fargo Bank N.A., in no way contingent upon reimbursement with respect thereto." Doc. 186, Ex. A.  Sun Pacific wishes to modify the appeal bond to allow Sun Pacific to obtain a $2.5 million irrevocable letter of credit for the benefit of DiMare directly instead of using International Fidelity as surety; this change would save $18,750 a year in fees. Doc. 186, Brief, 2:16-3:2.  Apart from a surety or letter of credit, Sun Pacific's chief financial officer has provided an affidavit stating that Sun Pacific's net worth at the end of 2012 was over $220 million. Doc. 188, Part 1, Maitland-Lewis Declaration, 2:14-16.  Apart from a surety or letter of credit, the demonstrated assets of Sun Pacific would guarantee recovery should DiMare have execute a monetary judgment against Sun Pacific directly.

DiMare first argues that the district court lacks jurisdiction to entertain this motion to modify the bond. Doc. 187, Opposition, 2:22-23.  Fed. Rule Civ. Proc. 62(c) states "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  A district court has clear jurisdiction to modify the terms of a bond while the case is before an appellate court. See Sun-Tek Industries, Inc. v. Kennedy Sky Lites, Inc., 856 F.2d 173, 174 (Fed. Cir. 1988) (changing the monetary amount of bond); Natural Res. Def. Council v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. Cal. 2001) (changing terms of injunction).  This court retains authority to modify, disallow, or release appellant from bond during the pendency of appeal.

The parties disagree as to what law applies. Sun Pacific asserts that Fed. Rule Civ. Proc. 62(d) governs: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond....The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." DiMare notes that this court has stated "The heart of the case is a breach of contract claim. The substantive law applied is California commercial law; PACA provides for the forum and procedure." Doc. 165, Findings of Fact and Conclusions of Law, 10:26-27. The Federal Rules of Civil Procedure explicitly provides for certain statutes to provide superseding procedures, stating "These rules, to the extent applicable, govern proceedings under the following laws, except as these laws provide other procedures: (A) 7 U.S.C. §§ 292, 499g(c), for reviewing an order of the Secretary of Agriculture." Fed. Rule Civ. Proc. 81(a)(6). PACA provides for specific procedures in appealing a reparation order issued by an ALJ:

> Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held....Such appeal shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail. **Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States**....Such suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated.

7 U.S.C. § 499g(c), emphasis added. DiMare argues that this specific language governs. DiMare's argument is sound. The Federal Rules of Civil Procedure explicitly defer to this specific PACA provision.

Sun Pacific argues that an irrevocable letter of credit constitutes a negotiable security, satisfying the PACA provision. Doc. 188, Reply, 5:17-23. There does not appear to be a working definition of "negotiable security." Black's Law Dictionary defines "negotiable" as "1. (Of a written instrument) capable of being transferred by delivery or indorsement when the transferee takes the instrument for value, in good faith, and without notice of conflicting title claims or

4

1    defenses." Black's Law Dictionary 1064 (8th ed. 2004).  There is no indication that the letter of
2    credit may be transferred by DiMare to anyone else; it does not appear to fit into the definition.
3    While there is only limited case law on the subject, courts seem to consider letters of credit and
4    negotiable securities to constitute separate categories of assets. See <u>Cronin v. Executive House</u>
5    <u>Realty</u>, 1981 U.S. Dist. LEXIS 11164, *2 (S.D.N.Y. Feb. 27, 1981) (defendant sought injunction
6    barring plaintiff from "collecting, disposing of or realizing upon the letters of credit, negotiable
7    securities or other security"); <u>In re G. Heileman Brewing Co.</u>, 128 B.R. 876 (Bankr. S.D.N.Y.
8    1991) (appending statutory text, specifically Oregon Revised Statutes 471.210(b) which asks for a
9    surety bond substitute in the form of "the equivalent value in cash, bank letters of credit
10   recognized by the State Treasurer or negotiable securities of a character approved by the State
11   Treasurer").  Sun Pacific has not demonstrated that an irrevocable letter of credit is a negotiable
12   security.

13         Sun Pacific then argues that the court should exercise its inherent authority to modify the
14   bond condition.  "District courts have inherent discretionary authority in setting supersedeas
15   bonds. This includes the discretion to allow other forms of judgment guarantee and broad
16   discretionary power to waive the bond requirement if it sees fit." <u>Cotton v. City of Eureka</u>, 860 F.
17   Supp. 2d 999, 1028 (N.D. Cal. 2012), citations and quotations omitted.  Courts have accepted
18   letters of credit lieu of supersedeas bonds (or have considered them roughly equivalent). See, e.g.,
19   <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1472 (9th Cir. 1992); <u>FTC v.</u>
20   <u>Kuykendall</u>, 466 F.3d 1149, 1154 (10th Cir. 2006); <u>Lindquist Ford, Inc. v. Middleton Motors, Inc.</u>,
21   2008 WL 4690515, *1 (W.D. Wis. 2008); <u>Cooper v. B & L, Inc.</u>, 66 F.3d 1390, 1393 n.3 (4th Cir.
22   1995); <u>Trans World Airlines, Inc. v. Hughes</u>, 515 F.2d 173, 177 (2nd Cir. 1975).  In this instance,
23   the court will exercise the discretion to allow a letter of credit to be substituted for the existing
24   surety bond.  Sun Pacific has provided adequate evidence to demonstrate that DiMare's interests
25   will be adequately protected by an irrevocable letter of credit issued by Wells Fargo (in addition to
26   Sun Pacific's assets).   DiMare does not argue, or suggest in any way, that they fear the proffered
27   letter of credit from Wells Fargo would not be honored.
28

### III. Order

Sun Pacific's motion is GRANTED. International Fidelity Insurance Company is released from any obligation pursuant to the Appeal Bond on file in this action, effective and final as of the date of entry of this order. The release of International Fidelity Insurance Company is absolute and not dependent upon Sun Pacific's compliance with this Order. Sun Pacific shall obtain and file with this Court an irrevocable letter of credit in the amount of $2.5 million, naming DiMare as the beneficiary by 2:00 PM, Monday, January 6, 2014. If the letter of credit is not filed by that deadline, the stay on monetary judgment pending appeal may be lifted.

IT IS SO ORDERED.

Dated: December 16, 2013

SENIOR DISTRICT JUDGE